UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE DeJESUS, et al.,<br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>WILLIAM HARVEY, et al.,<br>　　　　　　　　Defendants. | Case No. 22-cv-12879<br>Honorable Shalina D. Kumar |

**OPINION AND ORDER GRANTING DEFENDANT OAKLAND COUNTY'S MOTION TO DISMISS (ECF NO. 13)**

## I.　　INTRODUCTION

Plaintiffs George and Melvin DeJesus are brothers who sued Oakland County, as well as individual defendants William Harvey and Chester Romatowski for their role in investigating the rape and murder for which plaintiffs were wrongly convicted. ECF No. 1. The County filed a motion to dismiss plaintiffs' complaint based on plaintiffs' earlier recovery under Michigan's Wrongful Imprisonment Compensation Act (WICA), M.C.L. 691.1751 *et seq*. ECF No. 13. The motion has been fully briefed, and the Court finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f).

## II. FACTUAL BACKGROUND

The DeJesus brothers served 25 years in prison on convictions for a rape and murder they did not commit. ECF No. 1, PageID.9. In March 2022, the convictions were vacated, and charges were dismissed. *Id*. In June 2022, the plaintiffs each recovered a judgment from the state of Michigan in the amount of $1,212,224.51 under the WICA. ECF No. 15-2. Plaintiffs then brought this action against Harvey, a former detective for the Oakland County Sheriff's department, and Romatowski, an independent contractor hired by the County as a polygrapher. ECF No. 1, PageID.4. Plaintiffs also assert a *Monell* claim against the County. *Id*. at PageID.9, 20-21.

## III. DISCUSSION

### A.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Golf Village N., LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts construe the complaint in the light most favorable to the plaintiffs and draw all reasonable inferences in their favor. *Golf Village*, 14 F.4th at 617 (citing *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 897 (6th Cir. 2019)). When a complaint adequately states a claim, it may not be dismissed based on the court's "assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563, n.8.

**B.**

The County contends it should be dismissed from this action because plaintiffs' acceptance of an award under the WICA "constitutes a complete release of all claims against [the] state," and that the "state" includes the County as a political subdivision of the state. M.C.L. 691.1755(8); M.C.L. 691.1752(6); *City of Big Rapids v. Bd. of Sup'rs of Mecosta Cnty.*, 58 N.W. 358 (Mich. 1894). The County argues that plaintiffs may only bring an "action in federal court against an individual . . . involved in the investigation, prosecution, or conviction that gave rise to the wrongful conviction." M.C.L. 691.1755(8). Plaintiffs counter that the WICA only precludes a lawsuit against the County in state court and their federal court

claim remains viable. The Court disagrees and grants the County's motion to dismiss plaintiffs' *Monell* claim against the County.

The relevant portion of the WICA provides:

> The acceptance by the plaintiff of an award under this act, or of a compromise settlement of the claim, must be in writing and, unless it is procured by fraud, is final and conclusive on the plaintiff, constitutes a complete release of all claims against this state, and is a complete bar to any action in the state court by the plaintiff against this state based on the same subject matter. However, the acceptance by the plaintiff of an award under this act, or compromise or settlement of the plaintiff's claim, does not operate as a waiver of, or bar to, any action in federal court against an individual alleged to have been involved in the investigation, prosecution, or conviction that gave rise to the wrongful conviction or imprisonment.

M.C.L. 691.1755(8).

Federal courts interpreting state statutes "must follow state interpretations of [those] statutes, and must predict how the state Supreme Court would [interpret the statute] if it has not yet done so." *Bevan & Assocs., LPA, Inc. v. Yost*, 929 F.3d 366, 374 (6th Cir. 2019). "If the language of the statute is clear and unambiguous, then no further interpretation is required. However, judicial construction is appropriate when reasonable minds can differ with regard to the meaning of the statutory language." *Benedict v. Dept. of Treas.*, 601 N.W.2d 151, 153–54 (Mich. App. 1999).

Michigan courts interpret statutory text based on the words' ordinary meaning and their context within the statute, and they read the words to give effect to the entire statute. *Emergency Dep't Physicians P.C. v. United Healthcare, Inc.*, 507 F. Supp. 3d 814, 823 (E.D. Mich. 2020). Conflicting provisions of a statute must be read together to produce a harmonious whole and to reconcile any inconsistencies whenever possible. *World Book, Inc. v. Dep't of Treasury*, 590 N.W.2d 293, 300 (Mich. 1999). Courts should also, if possible, avoid a construction that renders any statutory language surplusage or nugatory. *State Farm Fire and Cas. Co. v. Old Republic Ins. Co.*, 644 N.W.2d 715, 717 (Mich. 2002).

The dispute here arises over the meaning and effect of two of the statute's provisions. One provision releases all claims against the state after accepting an award under the WICA, and the next bars any action in state court against the state based on the same subject matter by a plaintiff who accepted an award. M.C.L. 691.1755(8). Plaintiffs contend that if the phrase "constitutes a complete release of all claims against the state" were meant to bar federal *Monell* claims against a municipality, there would have been no need for the legislature to add the provision barring state court actions against the state based on the same subject matter. In essence, plaintiffs argue that if the "complete release" phrase were construed to bar

all claims against the state, whether brought in state or federal court, then the phrase barring state court actions against the state would be superfluous.

Plaintiffs may very well be correct that the "complete release" phrase renders the "complete bar" phrase superfluous, but "the canon against superfluity assists only where a competing interpretation gives effect to every clause and word of a statute." *Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91, 106 (2011) (internal quotations omitted). If the Court were to adopt the construction favored by plaintiffs—that the complete bar to any action against the state in the state court provision leaves open the possibility for an action against the state in federal court—then the preceding "complete release of all claims against this state" language would be nugatory. Accordingly, the cannon against superfluity does not provide clarity here because the alternative interpretation does not give effect to every clause and word of the statute.

"In any event, 'redundancies are common in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication.' As a result, 'the better overall reading of the statute' sometimes 'contains some

redundancy.'" *Pugin v. Garland*, 2023 WL 4110232, at *6, 599 U.S. ___, ___ (June 22, 2023) (quoting *Barton v. Barr*, 590 U. S. ___, ___ (2020)); see also, *Yates v. United States*, 574 U.S. 528, 562 (2015) (Kagan, J., dissenting, joined by Scalia, Kennedy, and Thomas, JJ.) (noting that a seeming statutory redundancy merely "reflects belt-and-suspenders caution"); Abbe R. Gluck & Lisa Schultz Bressman, *Statutory Interpretation from the Inside—An Empirical Study of Congressional Drafting, Delegation, and the Canons: Part I*, 65 Stan. L. Rev. 901, 934 (2013) (noting legislative drafters "intentionally err on the side of redundancy to capture the universe or because you just want to be sure you hit it").

The redundancy noted by plaintiffs does not support their favored interpretation. First, as noted above, plaintiffs' suggested construction to allow plaintiffs to sue municipalities in federal court despite collecting a WICA award would render the "complete release" language[1] meaningless. Although redundancies may be commonplace and tolerated by courts when interpreting statutes, courts avoid endorsing constructions which render language meaningless. *See People v. Seewald*, 879 N.W.2d 237, 243 (Mich. 2016).

---

[1] "The acceptance by the plaintiff of an award under this act…constitutes a complete release of all claims against this state…" M.C.L. 691.1755(8).

Second, the textual interpretation of a later passage within the statutory provision at issue also cuts against a construction permitting plaintiffs to sue municipalities in federal court despite collecting a WICA award. Immediately following the "complete release" and "complete bar" passages, the statute explicitly preserves a WICA-awarded plaintiff's ability to bring an "action in federal court **against an individual** alleged to have been involved in the investigation, prosecution, or conviction that gave rise to the wrongful conviction or imprisonment." M.C.L. 691.1755(8) (emphasis added). Just as exceptions to broad statutory provisions are generally construed narrowly, the WICA's explicit carve out for federal actions against individuals should be understood as limited in conjunction with the much broader complete release and bar of claims against the state. *Accord Beals v. Michigan*, 871 N.W.2d 363, 370 (Mich. 2015). Moreover, if the "complete bar" provision allowed plaintiffs to sue state entities in federal court, as plaintiffs argue, then the later explicit reservation of the right to sue in federal court would need not be limited to individuals involved in the investigation, prosecution, or conviction giving rise to the wrongful conviction or imprisonment. The provision explicitly permitting federal actions against individuals further undermines the plaintiffs' favored interpretation.

Finally, the Michigan Constitution provides additional support for rejecting an interpretation of WICA which would permit WICA-awarded plaintiffs to sue the County in federal court. "The provisions of . . . law concerning counties, townships, cities and villages shall be liberally construed in their favor." Mich. Const. 1963, art. 7, § 34; *see also, Altman v. Meridian Twp.*, 487 N.W.2d 155, 160 (Mich. 1992). The Michigan Legislature identified the WICA as "[a]n act to provide compensation and other relief for individuals wrongfully imprisoned for crimes; **to prescribe the powers and duties of certain state and local governmental officers and agencies**; and to provide remedies." 2016 Mich. Legis. Serv. P.A. 343 (S.B. No. 291) (emphasis added). Accordingly, the Court liberally construes the WICA, a law concerning counties, in favor of the County.

## IV.   CONCLUSION

For all these reasons, the Court reads the WICA as precluding a WICA-awarded plaintiff from suing the state or any of its political subdivisions in federal court. Plaintiffs thus cannot advance a *Monell* claim against the County, and the Court **GRANTS** the County's motion to dismiss (ECF No. 13).

                                          <u>s/Shalina D. Kumar</u>
                                          SHALINA D. KUMAR
                                          United States District Judge

Dated: July 6, 2023