UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GEORGE DeJESUS and MELVIN DeJESUS, | CASE NO: 4:22-cv-12879 |
| Plaintiffs, | HON. SHALINA D. KUMAR |
| v | MAG. ELIZABETH A. STAFFORD |
| WILLIAM HARVY, CHESTER S. ROMATOWSKI, ROMATOWSKI CONSULTING & INVESTIGATIONS, INC., and COUNTY OF OAKLAND. | |
| Defendants. | |

| | |
|---|---|
| John Wm. Martin, Jr. (P42266) | Layla Rose Sizemore (P85502) |
| Wolfgang Mueller (P43728) | Robert C. Clark (P76359) |
| MUELLER LAW FIRM | Steven M. Potter (P33344) |
| Attorneys for Plaintiffs | Trevor S. Potter (P84253) |
| 41850 W. Eleven Mile, Suite 101 | Attorneys for Defendants |
| Novi, MI 48375 | 2701 Cambridge Court, Suite 223 |
| (248)489-9653 | Auburn Hills, MI 48326 |
| | (248)377-1700 |
| | |
| | Jenni M. Scheid (P64886) |
| | Assistant Attorney General |
| | Attorney for non-party DAG |
| | Michigan Dept of Attorney General |
| | Corrections Division |
| | P.O. Box 30217 |
| | Lansing, MI 48909 |
| | (517) 335-3055 |

**STIPULATED PROTECTIVE ORDER**

This matter having come before the Court on the stipulation of the parties and non-parties for a Protective Order.  The Court directs that the testimony of non-party witnesses Robyn Frankel, Lori Montgomery, and Khary Mason ("DAG Deponents") will be subject to the conditions discussed below:

Whereas, given the confidential and privileged nature of the communications involving the subject witnesses, as discussed herein, the parties and non-parties hereto stipulate and agree that good cause exists for the protection of confidential communications between Robyn Frankel, Lori Montgomery, and Khary Mason and the Oakland County Prosecutor's Office, and for the protection of the Department of Attorney General Assistance with Expungements & Convictions Division's (DAG ACE) deliberative process regarding this matter.

Whereas, the DAG Deponents are only connected to this matter through their representation of the State in connections with Plaintiffs' separate Wrongful Imprisonment Compensation Act (WICA) case and the DAG's Conviction Integrity Unit (CIU) review.  Both WICA and CIU are sections within DAG ACE.  None of the DAG deponents had a role in the original

criminal prosecution that occurred in the 1980s and is the subject of the instant case.

Whereas, the CIU was created in April of 2019 by Attorney General Nessel and began accepting applications in December of 2019.  The CIU evaluates claims that new evidence exists of factual innocence and makes recommendations to the Attorney General where there is clear and convincing new evidence that the convicted person is not the person who committed the offense.

Whereas, during the course of this case review, the CIU collected files from local prosecutor's office which is covered by a Common Interest Agreement. The agreement allowed the local prosecutor to share work product with the CIU and maintain privilege.  The agreement permits CIU attorneys to protect personal identifying information of victims, victims' families, and civilian witnesses as well as the work product of the prosecutor's offices.

Whereas, Montgomery's and Frankel's roles as attorneys and Mason's role as a special investigator, while working for the WICA and CIU sections, makes potential testimony subject to attorney client

communications, attorney work-product, and the deliberative process privilege.

Whereas, in this case, Ms. Montgomery and Ms. Frankel were the AAGs assigned to review the case.  Special Agent Khary Mason was the assigned special investigator.  In performing their specific duties, the DAG Deponents engaged in communications that were confidential, privileged and part of a deliberative process in the underlying CIU and WICA cases.

Whereas, all three DAG Deponents interacted and collaborated with the Oakland County Prosecutor's Office pursuant to a Common Interest Agreement.

Accordingly, the depositions of non-parties Robyn Frankel, Lori Montgomery, and Khary Mason will subject to the following conditions:

1. Depositions of Robyn Frankel, Lori Montgomery, and Khary Mason are limited to use in the above-captioned case currently pending in the United State District Court for the Eastern District of Michigan before the Hon. Shalina D. Kumar and Mag. Elizabeth A. Stafford.

2.  The DAG Deponents will testify to non-privileged matters concerning the facts and evidence reviewed in connection with the CIU and WICA cases.

3.  The DAG deponents are not obligated to testify regarding privileged matters including the DAG's internal decision-making process as it pertains to the underlying CIU and WICA cases.  This includes attorney-client communications, attorney work-product, and the deliberative process.  This extends to the DAG Deponents' CIU and WICA evaluations or recommendations, mental impressions or opinions, whether expressed verbally or in writing.

4.  Further, testimony regarding communications between the DAG Deponents and the Oakland County Prosecutor's Office is covered by the common interest doctrine and the Common Interest Agreement and is outside the scope of discovery.

**IT IS SO ORDERED.**

Dated: 11/12/2024                          s/Elizabeth A. Stafford
                                           HON. ELIZABETH A. STAFFORD

Stipulated and Approved for Entry:

_/s/ John Wm. Martin, Jr._ *(w/permission)*
John Wm. Martin, Jr. (P42266)
Wolfgang Mueller (P43728)
MUELLER LAW FIRM
Attorneys for Plaintiffs
41850 W. Eleven Mile, Suite 101
Novi, MI 48375
(248)489-9653

_/s/ Layla Rose Sizemore (w/permission)_
Layla Rose Sizemore (P85502)
Robert C. Clark (P76359)
Steven M. Potter (P33344)
Trevor S. Potter (P84253)
Attorneys for Defendants
2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
(248)377-1700

_/s/ Jenni M. Scheid_
Jenni M. Scheid (P64886)
Assistant Attorney General
Attorney for non-party DAG
Michigan Dept of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055